Chief Justice Roberts,
concurring.
Five years ago, this Court rejected the position of the Army Corps of Engineers on the scope of its authority to regulate wetlands under the Clean Water Act, 86 Stat. 816, as amended, 33 U. S. C. § 1251 et seq. Solid Waste Agency of Northern Cook Cty. v. Army Corps of Engineers, 531 U. S. 159 (2001) (SWANCC). The Corps had taken the view that its. authority was essentially limitless; this Court explained that such a boundless view was inconsistent with the limiting terms Congress had used in the Act. Id., at 167-174.
In response to the SWANCC decision, the Corps and the Environmental Protection Agency (EPA) initiated a rule-making to consider “issues associated with the scope of waters that are subject to the Clean Water Act (CWA), in light of the U. S. Supreme Court decision in [SWANCC].” 68 *758 Fed. Reg. 1991 (2003). The “goal of the agencies” was “to develop proposed regulations that will further the public interest by clarifying what waters are subject to CWA jurisdiction and affording full protection to these waters through an appropriate focus of Federal and State resources consistent with the CWA.” Ibid.
Agencies delegated rulemaking authority under a statute such as the Clean Water Act are afforded generous leeway by the courts in interpreting the statute they are entrusted to administer. See Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837, 842-845 (1984). Given the broad, somewhat ambiguous, but nonetheless clearly limiting terms Congress employed in the Clean Water Act, the Corps and the EPA would have enjoyed plenty of room to operate in developing some notion of an outer bound to the reach of their authority.
The proposed rulemaking went nowhere. Rather than refining its view of its authority in light of our decision in SWANCC, and providing guidance meriting deference under our generous standards, the Corps chose to adhere to its essentially boundless view of the scope of its power. The upshot today is another defeat for the agency.
It is unfortunate that no opinion commands a majority of the Court on precisely how to read Congress’ limits on the reach of the Clean Water Act. Lower courts and regulated entities will now have to feel their way on a case-by-case basis. This situation is certainly not unprecedented. See Grutter v. Bollinger, 539 U. S. 306, 325 (2003) (discussing Marks v. United States, 430 U. S. 188 (1977)). What is unusual in this instance, perhaps, is how readily the situation could have been avoided.*

The scope of the proposed rulemaking was not as narrow as Justice Stevens suggests, post, at 795-796, n. 4 (dissenting opinion). See 68 Fed. Reg. 1994 (2003) (“Additionally, we invite your views as to whether any other revisions are needed to the existing regulations on which waters are jurisdictional under the CWA”); id., at 1992 (“Today’s [notice of proposed *759 rulemaking] seeks public input on what, if any, revisions in light of SWANCC might be appropriate to the regulations that define ‘waters of the U. S.’, and today’s [notice] thus would be of interest to all entities discharging to, or regulating, such waters” (emphasis added)). The agencies can decide for themselves whether, as the SWANCC dissenter suggests, it was wise for them to take no action in response to SWANCC.